UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SPECTRUM PHARMACEUTICALS, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> BEN VENUE LABORATORIES, INC., et al., <br><br> Defendants. | Case No. 2:14-cv-00980-GMN-PAL <br><br> ORDER |

Before the court is the parties' Stipulated Protective Order (Dkt. #52), which the court approved, with the exception of a portion of Paragraph 6, to facilitate discovery in this case. This order also reminds counsel that there is a presumption of public access to judicial files and records. A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

The court has not approved language from Paragraph 6 that requires confidential information to be filed with the Clerk of Court in a sealed envelope. While this used to be an acceptable practice, the court has adopted electronic filing procedures, and with a few exceptions not applicable here, the Clerk of the Court no longer maintains paper records. Special Order 109 requires the Clerk of the Court to maintain the official files for all cases filed on or after November 7, 2005, in electronic form. The electronic record constitutes the official record of the court. Attorneys must file documents under seal using the court's electronic filing procedures. *See* LR 10-5(b). That rule provides:

> Unless otherwise permitted by statute, rule or prior Court order, papers filed with the Court under seal shall be accompanied by a motion for leave to file those documents under seal, and shall be

1

> filed in accordance with the Court's electronic filing procedures. If papers are filed under seal pursuant to prior Court order, the papers shall bear the following notation on the first page, directly under the case number: "FILED UNDER SEAL PURSUANT TO COURT ORDER DATED _____." All papers filed under seal will remain sealed until such time as the Court may deny the motion to seal or enter an order to unseal them, or the documents are unsealed pursuant to Local Rule.

Additionally, the parties reliance on Section (G), and specifically (G)(1), of the Electronic Filing Procedures is misplaced. Section (G) contains the exceptions to the electronic filing requirements, and none are applicable here. Section (G)(1) applies to miscellaneous cases, which are opened by the Clerk of Court when, for example, the recipient of a subpoena duces tecum in this judicial district seeks to challenge, modify, or quash the subpoena issued by a federal court in another judicial district. Miscellaneous cases are captioned as such with an "ms" in the case number. This case is not a miscellaneous case; it is a civil case, and Section (G)(1) of the Electronic Filing Procedures does not apply.

The court has approved the parties' blanket protective order to facilitate their discovery exchanges. However, the parties have not shown, and court has not found, that any specific documents are secret or confidential. The parties have not provided specific facts supported by affidavits or concrete examples to establish that a protective order is required to protect any specific trade secret or other confidential information under Rule 26(c) or that disclosure would cause an identifiable and significant harm. The Ninth Circuit has held that there is a presumption of public access to judicial files and records and that parties seeking to maintain the confidentiality of documents attached to non-dispositive motions must show good cause exists to overcome the presumption of public access. *See Kamakana* 447 F.3d at 1179. Parties seeking to maintain the secrecy of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access. *Id.* at 1180.

Accordingly,

/ / /

/ / /

/ / /

/ / /

**IT IS ORDERED:**

1. The portion of Paragraph Six of the parties Stipulated Protective Order regarding filing documents under seal in a sealed envelope and complying with Section (G) of the Electronic Filing Procedures is NOT APPROVED and is DENIED.

2. The parties shall comply with LR 10-5(b) and the Ninth Circuit's opinion in *Kamakana*, 447 F.3d 1172 (9th Cir. 2006), when filing documents under seal.

Dated this 29th day of December, 2014.

                                          PEGGY A. LEEN
                                          UNITED STATES MAGISTRATE JUDGE